SCHOOL DISTRICT NO. 1, CITY OF ANN ARBOR, *v.* ANN
ARBOR TOWNSHIP BOARD.

1. SCHOOLS AND SCHOOL DISTRICTS—ANNEXATION OF UNATTACHED
TERRITORY.

Land located within a township which had theretofore not been
formally attached to any school district but which had been
taxed partly by both a city school district and a township
school district over a period of 68 years was subject to an-
nexation by the township school district in a legal manner (2
Comp. Laws 1929, § 7391).

2. SAME—ANNEXATION—ERECTION OF SCHOOLHOUSES—EVIDENCE.

Exhibit consisting of financial report of city school district
scheduling bonds outstanding and the principal and interest
requirements thereof failed to prove that land annexed by
township school district was taxed for erection of a school-
house within preceding three years contrary to statute relative
to detachment and annexation of territory by school districts
(2 Comp. Laws 1929, § 7389).

3. SAME—ANNEXATION—STATUTES.

Statute restricting detachment of territory from one school dis-
trict and attachment to another until lapse of three years
after taxation for building a schoolhouse except by consent
of two-thirds majority of resident owners of such land does
not apply to restrict annexation by township school district
of land located within a township but which was not in any
organized school district and which had been taxed for some
68 years both by city school district and township school dis-
trict to which it was later attached (2 Comp. Laws 1929,
§§ 7389, 7391).

4. COSTS—PUBLIC QUESTION—ANNEXATION OF SCHOOL DISTRICT.

No costs are allowed in case between two school districts to de-
termine validity of annexation proceedings, a public question
being involved (2 Comp. Laws 1929, §§ 7389, 7391).

Appeal from Washtenaw; Sample (George W.), J. Submitted January 8, 1943. (Docket No. 83, Calendar No. 42,229.) Decided April 6, 1943.

Certiorari by Board of Education of School District No. 1 of the City of Ann Arbor against Township Board of the Township of Ann Arbor to review and set aside annexation of a school district. Judgment for defendant. Plaintiff appeals. Affirmed.

*Burke & Burke* (*Franklin C. Forsythe*, of counsel), for plaintiff.

*Frank C. Cole* and *Jacob F. Fahrner* (*Frank B. DeVine*, of counsel), for defendant.

Boyles, C. J.   In June, 1941, Judge Sample, in the circuit court for Washtenaw county, granted plaintiff board of education of school district No. 1 of the city of Ann Arbor a writ of certiorari commanding the defendant township board of the township of Ann Arbor, Washtenaw county, to certify to said circuit court defendant's records and proceedings in the attempted annexation of certain lands to school district No. 5 in said township. Plaintiff will hereinafter be referred to as the city school district, and defendant as the township district. In the circuit court, after hearing testimony, and after examination of the records and proceedings of the township board, the circuit judge entered judgment that the annexation proceedings were legal and proper, and the city school district appeals.

For some 70 years prior to the annexation proceedings complained of, certain "no man's land" in the south half of section 8 and the north half of section 17 in Ann Arbor township was assessed for school purposes at various times partly by city

school district No. 1 and partly by township district No. 5. Neither district exercised exclusive rights to tax any definite part of said lands for school purposes. The lands were assessed in both districts, each applying its respective tax rate to one-half of the assessed valuation for each parcel of land in the district. Nothing in the city school district records shows that this land was ever annexed to the city school district. Nor do the records of the township show that this land was ever annexed to the township school district prior to the proceedings now under dispute. The record refers to this land as the 1–5 district. It lies between the city school district No. 1 and the township district No. 5. It has never been organized as a separate school district. The nomenclature "district 1–5" was evidently adopted as a convenient means of identifying this area between city school district No. 1 and township district No. 5.

In 1939, the assessing officer of the township received advice from the State tax commission that the method used for assessing the lands in the disputed area for school purposes was illegal, and the State tax commission directed the township assessing officer to discontinue the double assessment of said lands for school purposes. Thereupon, a meeting of the city school district board and the township board was held, an effort made to reach a compromise, and an imaginary line drawn through the disputed area. At a meeting of the defendant township board on February 19, 1940, a motion was made and adopted directing the supervisor and clerk of said board to call a meeting of said township board to be held on March 6, 1940, for the purpose of taking action on a proposed change of the boundaries of school district No. 5. On February 24, 1940, pursuant to the above motion, a notice of said March

6th meeting was posted in four public places in the township of Ann Arbor by the township clerk. Said notice called a meeting of said township board for March 6, 1940, at a designated hour and place. On March 6, 1940, the defendant board, at the aforesaid meeting, adopted a resolution changing the boundaries of school district No. 5 so as to include the disputed area and thereby annex all of the lands in question to district No. 5. Defendant claims that the action of the township board was taken under the authority vested in it by 2 Comp. Laws 1929, § 7389 *et seq.,* as amended (Stat. Ann. § 15.407 *et seq.*), and particularly under 2 Comp. Laws 1929, § 7391 (Stat. Ann. § 15.409). Since the action was taken by the township board, the lands have been assessed for school purposes in school district No. 5, and plaintiff has charged tuition for children residing in this area for attending the city schools.

On June 19, 1941, plaintiff filed its application in the Washtenaw circuit court for a writ of certiorari, and the writ was issued directing the defendant township board to certify its records and proceedings relative to the annexation of the disputed territory.

At the hearing, a large bulk of plaintiff's evidence was set forth in prepared memoranda of records in the county treasurer's office and in the office of the public schools of the city of Ann Arbor. This testimony showed, in brief, that from 1871 through 1938 the land in district 1–5 was assessed as hereinbefore stated, that some residents of district 1–5 used the city school district library without paying nonresident fees, that the city school district allowed children from district 1–5 to attend city schools without tuition, carried school children residing in district 1–5 on its buses and collected primary school money on that basis, and allowed resi-

dents of district 1–5 to vote in city school district elections. The defendant offered petitions from residents of district 1–5 asking that their property be placed in the township district and that this litigation started by the city school district be resisted.

While it must be conceded that this showing raised a debatable issue as to whether the city or the township had the greater equitable claim to this land in their respective districts, the instant case must be decided on the issue of the legality of the township annexation proceedings. At the same time this action was commenced, plaintiff filed a bill in chancery against the township board and all of the residents of the 1–5 district in the circuit court for Washtenaw county for the purpose of ultimately determining the status of this property. The chancery case has not yet been heard for the reason that the legality of the township annexation proceedings must first be determined and, unless set aside, will conclude the matter.

Plaintiff's brief summarizes the tax situation as follows:

"It is, therefore, submitted that this tax history demonstrates conclusively that school district number 5 has no greater right to claim the property in dispute than school district number 1."

We agree that the city and township each had ample, if not equal, claims to this area on the basis of this tax history. On that basis, possibly each had an equal right to annex this territory. The fact remains, however, that the township acted to annex and the city did not, and the legality of the township action is the issue before us.

We do not find from this record that plaintiff has established its claim that a part of district 1–5 was

a part of "an organized school district," namely, the city school district. The acts of both the city and the township negative plaintiff's claim in that regard. District 1–5 obviously had been considered as a no man's land, a sort of commons open to both parties, for many years. Plaintiff argues that district 1–5 should be held a part of the city school district because of long acquiescence and acceptance of the fact by the township. The obvious conclusion is, that the township did not acquiesce in or accept this as a fact, evidenced by the fact that the township district since about 1870 assessed taxes for school purposes on the lands in district 1–5, along with the city school district. This fact, as well as the fact that annexation proceedings have been carried on, distinguishes the instant case from the decisions relied upon by plaintiff where "long acquiescence" controlled the result. The circuit judge reached the only reasonable conclusion under the circumstances, that this land was open to annexation in a legal manner.

Were the annexation proceedings carried on in compliance with law and by statutory authority? Plaintiff claims that the annexation proceedings were void because this land had been taxed for building a schoolhouse within three years prior to the annexation, and consent of a two-thirds majority of the resident owners of the land was not obtained. 2 Comp. Laws 1929, § 7389 (Stat. Ann. § 15.407), provides:

"A township board may in its discretion detach the property of any person or persons from one district and attach it to another, or divide or consolidate districts: *Provided, however,* That no land which has been taxed for building a schoolhouse shall be set off into another district for the period

of three years thereafter except by the consent of a two-thirds majority of the resident owners of said land to be set into another district."

The only evidence that lands in the disputed area had been taxed for building a schoolhouse in the city school district is in plaintiff's exhibit C, the annual financial report of the public schools of Ann Arbor for the year ending August 31, 1940. Plaintiff's testimony shows this was introduced "to show the bonded indebtedness of the Ann Arbor public schools, and to show that the properties involved were taxed for building of schoolhouses and for bonds issued by the Ann Arbor school district." An examination of exhibit C discloses that it falls short of proving the asserted claim. It is merely a schedule of bonds outstanding and the principal and interest requirements. Furthermore, we are of the opinion that the quoted section does not apply to these annexation proceedings under the circumstances of this case. As pointed out, the so-called district 1–5 was not in any organized school district. 2 Comp. Laws 1929, § 7391 (Stat. Ann. § 15.409), provides:

"The township board shall attach to a school district contiguous territory in the township and not in any organized district."

Judgment affirmed. No costs allowed, a public question being involved.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSH-NELL, and SHARPE, JJ., concurred.